GILBERT ALAN REIS and JANIS DEE REIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reis v. Commissioner
Docket No. 6137-79.
United States Tax Court
T.C. Memo 1982-213; 1982 Tax Ct. Memo LEXIS 536; 43 T.C.M. (CCH) 1147; T.C.M. (RIA) 82213; April 21, 1982. *536 P was employed as a truck driver and, in connection with such employment, incurred meal expenses while traveling away from home. However, P retained no receipts for such expenses and failed to maintain a log, record, or diary of such expenses. P donated items of used clothing and toys to a charity. Held, P did not comply with the substantiation requirements of sec. 274(d), I.R.C. 1954; therefore, P is not entitled to a deduction for such mean expenses. Held,further, since P did not introduce any evidence to support his claimed deduction for miscellaneous employee business expenses, P is not entitled to such deduction. Held, further, the fair market value of property contributed to charity is determined. Gilbert Alan Reis, pro se. Bonnie L. Cameron, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 2,221.00 in the petitioners' Federal income tax for 1976. After concessions by the Commissioner, the issues for decision are: (1) Whether the petitioners are entitled to a deduction for meal expenses incurred by Mr. Reis while he was traveling away from home and for other miscellaneous employee business *537 expenses; and (2) whether the petitioners are entitled to a charitable deduction for a contribution of tangible personal property. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Gilbert Alan Reis and Janis Dee Reis, husband and wife, maintained their legal residence in Smyrna, Ga., at the time they filed their petition in this case. They timely filed their joint Federal income tax return for 1976 with the Internal Revenue Service Center, Chamblee, Ga.
During 1976, Mr. Reis was employed as a truck driver by Bowman Transportation, Inc. In connection with such employment, he maintained a daily cdriving logbook. Such logbook recorded when and where the traveled; it contained no entries as to the amounts he spent for food or other travel expenses. Mr. Reis did not retain receipts of such expenses, nor did he maintain any other record, diary, or account book of such expenses. On their 1976 Federal income tax return, the petitioners claimed an employee business expense deduction of $ 4,067, of which $ 3,336 was attributable to meal expenses. The petitioners claimed that Mr. Reis traveled away from home 278 days, and they computed *538 the deduction for meal expenses by multiplying that number by $ 12 per day. The balance of the petitioners' deduction, $ 731, was for telephone expenses, tolls, and miscellaneous and radio supplies. The parties now agree that Mr. Reis was away from home on business for 308 days, and the petitioners now claim a deduction for meal expenses in the amount of $ 3,696. Consequently, they claim that they are entitled to an employee business expense deduction in the total amount of $ 4,427. [1]
In December 1976, the petitioners donated items of personal property to Goodwill Industries of Atlanta, Inc. (Goodwill). Such property consisted of used women's, men's, and children's clothing, and used toys. The petitioners gave away such clothing because it was out of style, or it no longer fitted, or they had grown tired of wearing such clothing. The petitioners obtained receipts for such donations, but such receipts did not contain a list of the items donated or an estimate of the fair market value of such items. On their 1976 return, the petitioners claimed a charitable deduction of $ 1,982 for such contribution. In his notice of *539 deficiency, the Commissioner disallowed in their entirety the petitioners' claimed deductions for employee business expenses and a charitable contribution. His basis for such disallowance was that the petitioners had failed to substantiate such deductions. OPINION The first issue for decision is whether the petitioners are entitled to a deduction for meal expenses incurred by Mr. Reis while he was traveling away from home. Section 162(a)(2) of the Internal Revenue Code of 1954[2] allows a deduction for traveling expenses incurred while away from home in pursuit of a trade or business, including amounts expended for meals. There is no question but that some meal expenses were incurred by Mr. Reis while away from home in pursuit of his business. However, in order for the petitioners to be entitled to a deduction, they must comply with the substantiation requirements of section 274(d), which provides: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates *540 by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (b) the time and place of the travel * * * (C) the business purpose of the expense or other item * * * A deduction based merely on an estimate of average daily expenses is impermissible. See Stemkowski v. Commissioner,76 T.C. 252 (1981), on appeal (2d Cir., Oct. 5, 1981), consolidated case Hanna v.d Commissioner, on appeal (4th Cir., Nov. 10, 1981). [3]
The petitioners failed to produce any records, logs, diaries, or receipts for Mr. Reis's meal expenses, and Mr. Reis testified that no such documentary evidence existed. Also, the petitioners did not produce any evidence, either documentary or testimonial, which would corroborate Mr. Reis's testimony. See sec. 1.274-5(c)(3), (e), Income Tax Regs. Although Mr. Reis must have incurred some expenses for meals while away from home and may have incurred expenses in excess of the amount *541 claimed as a deduction by the petitioners, "satisfaction of the substantiation requirements [of section 274(d)] is mandatory and an allowance of a deduction based on the principle set forth in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), is not available to petitioners." Stemkowski v. Commissioner,76 T.C. at 310. With respect to the balance of the deduction claimed by the petitioners for employee business expenses, the petitioners offered no evidence with respect to such expenses. On brief, they argue that documentation of such expenses was never requested by counsel for the Commissioner and, therefore, that such issue was conceded by the Commissioner. The petitioners' entitlement to a deduction for employee business expenses, including the $ 731 for telephone expenses, tolls, and miscellaneous and radio supplies, was clearly raised in the notice of deficiency. We do not know whether counsel for the Commissioner ever requested such documentation. However, in any event, the petitioners have the burden of substantiating such expenses (Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933)), and they would not be relieved of such burden *542 even if counsel did not expressly request such documentation. Accordingly, we have no choice but to sustain the Commissioner on this issue. The final issue for decision is whether the petitioners are entitled to a charitable deduction for their contribution of personal property to Goodwill. If a charitable contribution is made in property other than money, the amount of the contribution is the fair market value of the property at the time of the contribution. Sec. 1.170A-1 (c)(1), Income Tax Regs.; Goldman v. Commissioner,46 T.C. 136, 137 (1966), affd. 388 F. 2d 476 (6th Cir. 1967). The petitioners bear the burden of proving such fair market value. Rule 142(a), Tax Court Rules of Practice and Procedure; Goldman v. Commissioner,supra.
The Commissioner argues that under section 170(a)(1) and the regulations thereunder, the petitioners failed to comply with the stringent verification requirements of such regulations and, therefore, that they are not entitled to a charitable deduction. In part, section 170 (a)(1) provides that "A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary," and section 1.170A-1(a)(2)(ii), Income Tax Regs., *543 provides, in part, that: If an individual taxpayer makes a charitable contribution of an item of property other than money and claims a deduction in excess of $ 200 in respect of his contribution of such item, he shall attach to his income tax return the following information with respect to such item:
[Emphasis added.] Such information includes the name and address of the donee, the date of the contribution, a description of the property contributed including the physical condition of the property at the time of contribution, the manner of such property's acquisition, the fair market value at the time of contribution and the method used in determining such value, and the cost or other basis of such property. Sec. 1.170A-1(a)(2)(ii)(a)-(f), Income Tax Regs. The petitioners did not attach to their return the information required by such regulation, and at trial, they produced a list which only partially complied with its requirements. However, the petitionrs did not claim a deduction in excess of $ 200 for any single item of property. Therefore, they need not satisfy the stringent requirements of section 1.170A-1(a)(2)(ii). Other than their own estimates, the petitioners offered *544 no evidence of the fair market value of the property donated to Goodwill. [4] Also, the list which the petitioners produced at trial, while itemizing the property contributed, only provided a brief description of such property and gave no indications as to the condition of such property. Mr. Reis's testimony added little to the description of such property, and the petitioners' evidence is insufficient to carry their burden of proving that they are entitled to the charitable deduction claimed by them. However, we are convinced that they are entitled to some amount for a charitable deduction. Using our discretion, and bearing heavily against the petitioners whose inexactitude is of their own making, we find and hold that the petitioners are entitled to a charitable deduction in the amount of $ 500. Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930); see Lamphere v. Commissioner,70 T.C. 391, 394 (1978). [5]
Decision will be entered under Rule 155.
Footnotes
1. $ 12 per day x 308 days = $ 3,696; $ 3,696 + $ 731 = $ 4,427.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976.↩
3. See also Owen v. Commissioner,T.C. Memo. 1982-181; Henson v. Commissioner,T.C. Memo. 1980-140; Reynolds v. Commissioner,T.C. Memo. 1979-190; Henson v. Commissioner,T.C. Memo. 1979-110; Byars v. Commissioner,T.C. Memo. 1978-467↩.
4. Although the petitioners claimed a deduction of $ 1,982, the total of their estimate of the fair market value of the items contributed to Goodwill is $ 1,987. ↩
5. See also Patch v. Commissioner,T.C. Memo. 1980-11↩.